1  Gregory G. Iskander, Bar No. 200215
   giskander@littler.com
2  Michael W. Nelson, Bar No. 287213
   mwnelson@littler.com
3  LITTLER MENDELSON, P.C.
   Treat Towers
4  1255 Treat Boulevard
   Suite 600
5  Walnut Creek, California 94597
   Telephone:    925.932.2468
6  Fax No.:        925.946.9809

7  Attorneys for Defendants
   MV TRANSPORTATION, INC., AND MV PUBLIC
8  TRANSPORTATION, INC.

9

                    UNITED STATES DISTRICT COURT
10
                    NORTHERN DISTRICT OF CALIFORNIA
11

12
   RICHARD RYAN OSWALD, an individual, on      Case No.
13 behalf of himself and others similarly situated,
                                               Contra Costa County Superior Court Case
14                Plaintiff,                    No.: C24-03369

15         v.                                  **NOTICE OF REMOVAL OF CIVIL**
                                               **ACTION TO FEDERAL COURT**
16 MV TRANSPORTATION, INC. a California
   stock corporation; MV PUBLIC
17 TRANSPORTATION, INC., a California stock
   corporation; WESTCATS, a California
18 corporation; and DOES 1 through 50, inclusive,

19                Defendants.

20

21

22

23

24

25

26

27

28

LITTLER
MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA
94597
925.932.2468

4897-2251-4955

1    **TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF**

2    **CALIFORNIA, AND TO PLAINTIFF RICHARD RYAN OSWALD:**

3         **PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1441(a) and 1446, Defendants

4    MV TRANSPORTATION, INC. and MV PUBLIC TRANSPORTATION, INC. ("Defendants" or

5    "MV") hereby remove the above-captioned action from the Superior Court for the State of California,

6    in and for the County of Contra Costa to the United States District Court, Northern District of

7    California. Removal is proper based on 29 U.S.C. § 185(a). This action is removed pursuant to the

8    procedures found in 28 U.S.C. §§ 1441 and 1446, and removal jurisdiction is based on 28 U.S.C. §

9    1331. Pursuant to 28 U.S.C. § 1446(d), Defendants will also file a copy of this Notice of Removal

10   with the Contra Costa County Superior Court.

11   **I.    PROCEDURAL BACKGROUND**

12        On December 13, 2024, Plaintiff Richard Ryan Oswald ("Plaintiff") filed a Complaint in the

13   Superior Court of the State of California, County of Contra Costa, captioned as *Richard Ryan Oswald*

14   *v. MV Transportation, Inc., et al.*, Case No. C24-03369 ("Complaint" or "Compl."). The Complaint

15   contains eleven causes of action, alleging: (1) Failure to Pay Minimum Wages; (2) Failure to Pay

16   Wages and Overtime Under Labor Code Section 510; (3) Meal Period Liability Under Labor Code

17   Section 226.7; (4) Rest Break Liability Under Labor Code Section 226. 7; (5) Violation of Labor Code

18   Section 226; (6) Violation of Labor Code Section 221; (7) Violation of Labor Code Section 204; (8)

19   Violation of Labor Code Section 203; (9) Failure to Maintain Records Required under Labor Code

20   Sections 1174, 1174.5; (10) Failure to Reimburse Necessary Business Expenses Under Labor Code

21   Section 2802; and (11) Violation of Business & Professions Code Section 17200 *et seq.*

22        True and correct copies of the Summons, Complaint and other documents received by

23   Defendants at the time of service are attached to the supporting Declaration of Michael Nelson

24   ("Nelson Decl.") as **Exhibit** ("Ex.") **A**. Defendants filed an Answer in state court on January 17, 2025.

25   (Declaration of Michael Nelson ("Nelson Decl."), ¶ 4, Ex. B.) To Defendants' knowledge, no other

26   filings, orders and/or papers have been filed or served on Defendants in the superior court action.

27   (Nelson Dec., ¶ 4.) As of the date of this Notice of Removal, codefendant WestCAT has not been

28   served with the Summons and Complaint, to Defendants' knowledge. (*Id.* ¶ 5.)

LITTLER
MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA
94597
925.932.2468

2                                    NOTICE OF REMOVAL OF ACTION TO
                                          FEDERAL COURT
4897-2251-4955

1    **II.    REMOVAL JURISDICTION**

2         This Court has jurisdiction because a federal question exists under Section 301 of the Labor

3    Management Relations Act ("LMRA"), which provides: "Suits for violation of contracts between an

4    employer and a labor organization representing employees in an industry affecting commerce as

5    defined in this [Act], or between any such labor organizations, may be brought in any district court of

6    the United States having jurisdiction of the parties, without respect to the amount in controversy or

7    without regard to the citizenship of the parties." 29 U.S.C. § 185(a) (hereinafter, "Section 301").

8         Section 301 preemption and jurisdiction apply because the Complaint includes claims that can

9    only be brought as contractual claims under a collective bargaining agreement ("CBA"), because of

10   the application of several express CBA exemptions in the Labor Code and Industrial Welfare

11   Commission ("IWC") Wage Order 9.

12        If any claims in the Complaint are not preempted, the entire action is still removable under 28

13   U.S.C. § 1441(c) because this Court has supplemental jurisdiction under 28 U.S.C. § 1367. All claims

14   in the Complaint are sufficiently related to form part of the same case or controversy.

15   **III.    REMOVAL PROCEDURE**

16        **A.    Venue Is Proper in This District.**

17        Plaintiff filed this action in the Superior Court of California, County of Contra Costa.

18   Therefore, pursuant to 28 U.S.C. §§ 84(a), 1391, and 1441(a), venue properly lies in the United States

19   District Court for the Northern District of California.

20        **B.    This Removal Is Timely Made Within Thirty Days of Service of the Complaint.**

21        Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because Defendants filed it

22   within thirty (30) days after the service of the Summons and Complaint filed in the State Court Action.

23   Service occurred on December 20, 2025. (Nelson Decl., ¶ 2.) *See Murphy Bros., Inc. v. Michetti Pipe*

24   *Stringing, Inc.*, 526 U.S. 344, 347-48, 354 (1999). When, as here, the last day to respond is a Saturday,

25   Sunday, or legal holiday, the period to respond continues to run until the end of the next day that is

26   not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C). Therefore, in this case, the period

27   to remove was extended from Sunday, January 19 to Tuesday, January 21, 2025, because Monday,

28   January 20, 2025 was a legal holiday.  *See* Fed. R. Civ. P. 6(a)(6)(A) (listing Martin Luther King Jr.'s

LITTLER
MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA
94597
925.932.2468

NOTICE OF REMOVAL OF ACTION TO
FEDERAL COURT

4897-2251-4955

1    Birthday as a legal holiday). Thus, this Notice of Removal is timely filed. *See Fleming v. United*

2    *Teacher Assocs. Ins. Co.,* 250 F. Supp. 2d 658, 660-661 (D.W. Va. 2003) (removal filed on 31 days

3    timely when final day was a holiday); *Johnson v. Harper,* 66 F.R.D. 103, 105 (E.D. Tenn. 1975)

4    (same); *see also Agavni Pogosyan v. U.S. Bank Trust National Association et al.,* Case No.: CV 15-

5    07085-AB [2015 WL 12696188 *2] (C.D. Cal. 2015) (same); *Williams v. Leonard, No.* C02–05084

6    CRB  [2003 WL 163183 *1] (N.D. Cal.  2003) (same).

7           **C.      The Parties.**

8           Defendants provide transportation services to cities, counties, municipalities, and other

9    entities, pursuant to various contracts throughout the United States, including the State of California.[1]

10   (Declaration of Tommy Bossaller ("Bossaller Decl.") ¶ 2; Compl., ¶¶ 2-3.) Defendants and Teamsters

11   Local 315 (the "Union") are parties to a CBA. (Bossaller Decl. ¶ 4, Ex. A.)

12          For the entirety of his employment from August 7, 2023, to November 26, 2024, Plaintiff was

13   employed by Defendants in a position in the bargaining unit represented by the Union. (Bossaller Decl.

14   ¶ 4.)  The CBA covering Plaintiff went into effect on July 1, 2023, and will continue to be in effect

15   through June 30, 2026. (*Id.*) A true and correct copy of the CBA is attached to the declaration of

16   Tommy Bossaller as Exhibit A.

17          Defendants are a corporation engaged in an industry affecting commerce within the meaning

18   of the National Labor Relations Act (the "NLRA"). 29 U.S.C. §§ 152(2), (6), (7), and 185(a). The

19   Union is a labor organization under the NLRA and the LMRA. 29 U.S.C. §§ 152(5) and 185(a).

20   **IV.    FACTUAL BACKGROUND**

21          **A.      Plaintiff's Employment**

22          At all relevant times, Defendants employed Plaintiff in the position of a bus driver at

23   Defendants' Pinole, California division. (Compl., ¶ 2; Bossaller Decl., ¶ 5.) In this position, and

24   throughout his entire employment with Defendants, Plaintiff was a member of a bargaining unit

25   represented by the Union. (Bossaller Decl., ¶ 4, Ex. A at Art. 1.)

26          Further, Plaintiff, like all other workers covered by the CBA, was employed in the

27

28   [1] MV Public Transportation, Inc. is a subsidiary of MV Transportation, Inc.  (Bossaller Decl. ¶ 2; Compl. ¶ 5.)

LITTLER
MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA
94597
925.932.2468

4

4897-2251-4955

NOTICE OF REMOVAL OF ACTION TO
FEDERAL COURT

transportation industry. (Bossaller Decl., ¶¶ 2, 5; Compl. ¶ 2.) Defendants required Plaintiff to possess and maintain, and Plaintiff at all relevant times possessed and maintained, a Class B commercial driving license with a passenger transportation endorsement. (Bossaller Decl., ¶ 5). Plaintiff was responsible for transporting passengers pursuant to MV's contract with Western Contra Costa Transit Authority ("WestCAT"). (*Id*., ¶ 6.; Complt. ¶ 2). Plaintiff operated 35-45-foot buses each designed to carry between 32-40 passengers. *(*Bossaller Decl., ¶ 6). Plaintiff drove fixed and commuter express routes for WestCAT's local neighborhood public transit bus service. *(Id*.).

### B.    Relevant Collective Bargaining Agreement Provisions

The provisions of the CBA relevant to this Removal include the following:

#### 1.    Recognition

**Article 1 – Recognition** states that the CBA covers all drivers at Plaintiff's work location.

> Section 1. The Company recognizes the Union as the sole and exclusive bargaining agent representative for its bus operators that perform work consistent with its client contract.

(Bossaller Decl., Ex. A at Art. 1.)

#### 2.    Hours of Work and Overtime Premium Wages

**Article 16 –Hours of Work** describes and defines the workweek, work qualifications, overtime, work schedule, start times, and training.

> Section 4. **Overtime:** An employee shall be paid one-and-one half (1 1/2) times the straight-time rate of pay then in effect for work performed when the total number of hours exceeds (40) in a workweek.

(*Id*., Ex. A at Art. 16, § 4.)

#### 3.    Wages

**Article 27 – Wages** describes the minimum wage rates and the wage scale for covered members.  The base hourly wage rates for bus operators like Plaintiff ranges from $24.49 to $33.00.

LITTLER
MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA
94597
925.932.2468

NOTICE OF REMOVAL OF ACTION TO
FEDERAL COURT

4897-2251-4955

| Driver Wage scale: | | | |
|---|---|---|---|
| | 7/1/2023 | 7/1/2024 | 7/1/2025 |
| **Start** | $24.49 | $26.22 | $27.70 |
| **1 Year** | $24.62 | $26.33 | $27.81 |
| **2 Year** | $24.71 | $26.41 | $27.96 |
| **3 Year** | $24.88 | $27.24 | $28.73 |
| **4 Year** | $26.48 | $28.57 | $30.11 |
| **5+ Years** | $29.51 | $31.50 | $33.00 |

(*Id.*, at Ex. A at Art. 27.)

      **4.**       **Meal and Rest Breaks**

**Article 19 – Meal and Rest Periods for Drivers Only** expressly provides for meal and rest periods and arbitration of disputes concerning application of its meal and rest period provisions.

Section 1. Meal Periods:

A. The Union and the Company intend for this section to comply with the "optout" provisions of California Labor Code section 512(e) with respect to all commercial drivers as defined in California Labor Code sections 512(f)(2) and (g)(l) employed in the bargaining unit.

B. Every employee who is scheduled for or works more than six (6) hours during a workday shall be provided with a thirty (30) minute meal period prior to the completion of the fifth (5th) hour of the workday. Every employee who is scheduled for and works in excess of twelve (12) hours during a workday shall be provided with a second thirty (30) minute meal period prior to the completion of the tenth (10th) hour of the workday. The meal period(s) shall be unpaid unless it is an "on duty" meal period…

…

Section 2. Rest Periods:

A. Every employee is authorized and permitted to take a ten (10) minute net rest period for every four hours worked or major fraction thereof, which rest period shall be paid time. The rest period may include periods when the employee is on his/her route, but the employee is not required to operate or remain in the vehicle.

LITTLER
MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA
94597
925.932.2468

4897-2251-4955

NOTICE OF REMOVAL OF ACTION TO
FEDERAL COURT

…

Section 3: Arbitration of All Meal and Rest Period Claims:

Any and all disputes or claims alleging that an employee was not provided with one or more meal or rest periods in accordance with the requirements of this Agreement or law shall only be subject to resolution or determination through the grievance and arbitration provisions of this Agreement, which arbitration shall be final and binding on all parties, and may not be brought in any other forum. The Union and the Company further agree that there will be no right or authority for any dispute regarding meal or rest periods to be brought, heard or arbitrated as a class, collective or representative action.

(*Id.*, Ex. A at Art. 28, at §§ 1-3.)

**5.      Grievance and Arbitration**

**Article 12 – Grievance & Arbitration** describes the procedures for addressing and resolving all disagreements related to the application or interpretation of the CBA. Article 12 defines a grievance as "any controversy, dispute or disagreement concerning the application, interpretation or enforcement of this Agreement.…" This Article describes the grievance submission and resolution process, including arbitration.

(*Id.*, Ex. A at Art 12.)

**6.      Working Conditions**

The CBA also provides various contractual provisions related to working conditions such as Non-Discrimination, (Article 11), Discharge and Discipline (Article 13), General Conditions (Article 18), Bereavement Leave (Article 20), Paid Holidays (Article 21), Vacations (Article 22), Sick Leave (Article 23), Teamster Pension Fund (Article 24), and Health Insurance (Article 26). (*See generally*, *id.* at Ex. A.)

## V.    LEGAL DISCUSSION

Plaintiff pleads eleven causes of action, all of which involve wage and hour provisions of the California Labor Code, IWC Wage Orders, and Unfair Competition Law ("UCL"). However, several of Plaintiff's claims, namely his overtime, meal break, and rest period claims are preempted under Section 301 because such claims are necessarily contractual claims under the CBA; California state

LITTLER
MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA
94597
925.932.2468

7

NOTICE OF REMOVAL OF ACTION TO
FEDERAL COURT

4897-2251-4955

1    law does not apply to such claims because of an express exemption in the Labor Code or Wage Order

2    9. Plaintiff's cause of action for failure to pay wages including minimum wages is preempted by

3    Section 301 because this claim is based on the same alleged facts as the overtime and meal break

4    claims. Plaintiff's derivative claims (for wage statement penalties under Labor Code Section 226,

5    unlawful deductions under Labor Code Section 221, timely pay under Labor Code section 204, waiting

6    time penalties under Labor Code section 203, failure to maintain accurate records under Labor Code

7    sections 1174 and 1174.5, and restitution under the UCL), are preempted under Section 301 because

8    such claims rise or fall based on the underlying substantive (and preempted) overtime, meal break,

9    and rest break claims. In the alternative, the Court has supplemental jurisdiction of these claims, as

10   well as Plaintiff's claim for failure to reimburse business expenses, because they form part of the same

11   case or controversy as Plaintiff's preempted claims.

12       **A.    The Section 301 Preemption Analysis – Legal Standard**

13       Section 301 completely preempts all claims that are based on, or require the interpretation of,

14   a collective bargaining agreement. *United Steelworkers of Am., AFL-CIO-CLC v. Rawson*, 495 U.S.

15   362, 368–69 (1990); *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 209–11 (1985); *Associated*

16   *Builders & Contractors, Inc. v. Loc. 302 Int'l Bhd. of Elec. Workers*, 109 F.3d 1353, 1356–57 (9th

17   Cir. 1997), *opinion amended and superseded,* No. 95-16202, 1997 WL 236296 (9th Cir. Mar. 27,

18   1997) (Section 301 is construed "quite broadly to cover most state-law actions that require

19   interpretation of labor agreements"). "The preemptive force of section 301 is so powerful as to displace

20   entirely any state claim based on a collective bargaining agreement and any state claim whose outcome

21   depends on analysis of the terms of the agreement." *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d

22   993, 997 (9th Cir. 1987); *Allis-Chalmers*, 471 U.S. at 220 (if preempted, the "claim must either be

23   treated as a § 301 claim ... or dismissed").

24       Section 301 preemption furthers two important federal policies. First, it ensures that the

25   interpretation of collective bargaining agreements remains uniform and independent of state law. *Loc.*

26   *174, Teamsters, Chauffeurs, Warehousemen & Helpers of Am. v. Lucas Flour Co.*, 369 U.S. 95, 103–

27   04 (1962) (inconsistent interpretations would "inevitably exert a disruptive influence upon both the

28   negotiation and administration of collective agreements"). Second, the complete preemption doctrine

LITTLER
MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA
94597
925.932.2468

8                           NOTICE OF REMOVAL OF ACTION TO
                                    FEDERAL COURT
4897-2251-4955

1    gives effect to the parties' mutual promise to resolve disputes through the grievance-arbitration process

2    and furthers the strong federal policy that labor disputes "remain[] firmly in the arbitral realm." *Lingle*

3    *v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 411 (1988).  As articulated in *Burnside v. Kiewit Pac.*

4    *Corp.*, 491 F.3d 1053, 1059-60 (9th Cir. 2007), and as refined in *Curtis v. Irwin Indus., Inc.*, 913 F.3d

5    1146, 1152 (9th Cir. 2019), the Ninth Circuit applies a two-step test to determine whether a claim is

6    preempted under Section 301.

7        *Curtis* Step One.  Under the Section 301 preemption analysis, courts must first inquire whether

8    the relief requested by a plaintiff "involves a right [that] exists solely as a result of the CBA."  *Curtis*,

9    913 F.3d at 1152.  Under *Curtis*, where an asserted Labor Code or Wage Order claim is covered by an

10    available collective bargaining exemption – such that there exists no valid underlying state law claim

11    – the inquiry is resolved at this first step in favor of preemption.  *See, e.g., Jones v. Sysco Ventura Inc.*,

12    No. 221CV04116SVWAGR, 2021 WL 6104193, *7 (C.D. Cal. Sep. 1, 2021); *Giles v. Canus Corp.*,

13    No. 22-CV-03097-MMC, 2022 WL 3370793, *4-5 (N.D. Cal. Aug. 16, 2022).   For the reasons

14    explained below, the majority of Plaintiff's claims are preempted under Step One.

15        *Curtis* Step Two.  If there is no Section 301 preemption found at the first step, courts proceed

16    to the second step of the analysis, which asks "whether a plaintiff's state law right is substantially

17    dependent on analysis of the CBA."  *Curtis*, 913 F.3d at 1153.  Under this second step, where there is

18    no applicable collective bargaining agreement exemption, preemption still applies if the resolution of

19    a claim requires interpretation of the collective bargaining agreement.  *See Mellon v. Universal City*

20    *Studios, LLC*, 625 F. Supp. 3d 1007 (C.D. Cal. 2022); *Rodriguez v. Gonsalves & Santucci, Inc.*, No.

21    21-CV-07874-LB, 2022 WL 161892, *5 (N.D. Cal. Jan. 18, 2022); *Giles,* 2022 WL 3370793, *6.

22        Whether Plaintiff's operative pleading mentions the CBA is not relevant to the Section 301

23    preemption analysis. *Curtis*, 913 F.3d at 1152; *Radcliff v. San Diego Gas & Elec. Co.*, 519 F. Supp.

24    3d 743, 750 (S.D. Cal. 2021); *Mellon*, 625 F. Supp. 3d 1007; *Ayon v. Zero Waste Sols., Inc*, No.

25    220CV02424MCEJDP, 2021 WL 4065716, *3 (E.D. Cal. Sept. 7, 2021).

26    **B.    Plaintiff's Second Cause of Action (Overtime) Is Preempted Under *Curtis* Step One.**

27    

28    Plaintiff's Second Cause of Action alleges that Defendant failed to pay Plaintiff and the class

LITTLER
MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA
94597
925.932.2468

9

4897-2251-4955

NOTICE OF REMOVAL OF ACTION TO
FEDERAL COURT

1  members wages and overtime under Labor Code section 510. (Compl., ¶¶ 70-80.) However, Plaintiff

2  has no state law overtime claim because the Labor Code Section 514 exemption applies. Section 514

3  provides an overtime exemption where "an employee is covered by a valid collective bargaining

4  agreement if the agreement expressly provides for the wages, hours of work, and working conditions

5  of the employees, and if the agreement provides premium wage rates for all overtime hours worked

6  and a regular hourly rate of pay for those employees of not less than 30 percent more than the state

7  minimum wage."

8      In furtherance of the Legislature's explicit goal of protecting the collective bargaining system,

9  the Section 514 overtime exemption has been construed and applied capaciously by state and federal

10  courts. *See Vranish v. Exxon Mobil Corp.*, 223 Cal. App. 4th 103, 109 (2014) (where Section 514's

11  requirements are met, an employer is only required to pay for overtime as defined by the collective

12  bargaining agreement and Section 510 simply does not apply); *Curtis*, 913 F.3d at 1154-55 ("While

13  section 510 establishes a default definition of overtime applicable to non-unionized employees,

14  unionized employees 'have sought and received alternative wage protections through the collective

15  bargaining process'") (citing *Vranish*; quoting *Firestone v. S. California Gas Co.*, 219 F.3d 1063, 1067

16  (9th Cir. 2000)).

17      First, the CBA provides for a range of wages, hours, and working conditions. (*See supra,*

18  Section IV.B) Second, the CBA provides premium wage rates for all overtime hours worked. (*See*

19  Bossaller Decl., Ex. A at Art. 16.) Third, the CBA provides regular hourly rates of pay of not less than

20  30 percent more than the state minimum wage. 130% of the state minimum wage in 2023 was $20.15,

21  in 2024 it was $20.80, and in 2025 it is $21.45.  All wages exceed 130% of the state minimum wage,

22  ranging from $24.49/hr to $33.00/hr. (Bossaller Decl., Ex. A at Art. 27.) Likewise, Plaintiff's base

23  hourly rate at all times exceeded 130% of the state minimum wage during his employment. (*Id.*, ¶ 5.)

24  Thus, the 130% prong of the Labor Code Section 514 exemption is met. *See, e.g., Sachs v. Pankow*

25  *Operating, Inc.*, No. 221CV08998ABADSX, 2022 WL 489696, *6-7 (C.D. Cal. Feb. 16, 2022);

26  *Rodriguez v. USF Reddaway Inc., Rodriguez v. USF Reddaway Inc.*, 2022 WL 18012518, *3-4 (E.D.

27  Cal. Dec. 30, 2022); *Huerta v. Doubletree Emp. LLC*, No. SACV2302433CJCADSX, 2024 WL

28  890548, *3 (C.D. Cal. Mar. 1, 2024).)

LITTLER
MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA
94597
925.932.2468

10

NOTICE OF REMOVAL OF ACTION TO
FEDERAL COURT

4897-2251-4955

Where, as here, the Section 514 exemption applies to a union-represented plaintiff, the "right to overtime 'exists solely as a result of the CBA,' and therefore is preempted under § 301." *Curtis*, 913 F.3d at 1154; *accord, e.g.*, *Giles*, 2022 WL 3370793, \*4; *Braswell v. AHMC San Gabriel Valley Med. Ctr. LP*, No. CV 21-09959-MWF (AGR), 2022 WL 707206, \*4 (C.D. Cal. Mar. 8, 2022); *Hall v. Live Nation Worldwide, Inc.*, 146 F. Supp. 3d 1187, 1203-04 (C.D. Cal. 2015).

**C.    Plaintiff's Third Cause of Action (Meal Breaks) Is Preempted Under *Curtis* Step One.**

Plaintiff's Third Cause of Action alleges the failure to provide meal breaks under California law. (Compl., ¶¶ 81-86.) However, Plaintiff has no state law meal break claims because the Labor Code Section 512(e) exemption applies. Specifically, Plaintiff was covered by a CBA that (a) expressly provides for a range of wages, hours and working conditions (*see supra,* Section IV.B), (b) expressly provides for meal periods (*see* Bossaller Decl., Ex. A at Art 28), (c) provides final and binding arbitration of disputes concerning meal periods (*see id.* at § 3), (d) provides premium wage rates for all overtime hours worked (*see id*. at Art. 16); and (e) provides a regular hourly rate of pay of not less than 30% more than the state minimum wage (*see* discussion in Section V.B above of 130% prong in relation to Labor Code Section 514 exemption).

The Section 512(e) exemption applies here because Defendant employed Plaintiff as a "commercial driver" under Labor Code Section 512(f)(2) and (g)(1). As an initial matter, the CBA explicitly states that "The Union and the Company intend for this section to comply with the "optout" provisions of California Labor Code section 512(e) with respect to all commercial drivers as defined in California Labor Code sections 512(f)(2) and (g)(l) employed in the bargaining unit." (Bossaller Decl., Art. 28, § 1.) Even if the Court was not inclined to defer to the CBA, Union, and MV on this point, the job duties of Plaintiff and other members of the bargaining unit squarely fall under the exemption. A "commercial driver" is defined in Labor Code Section 512(g)(1) as "an employee who operates a vehicle described in Section 260 or 462 of, or subdivision (b) of Section 15210 of, the Vehicle Code." Lab. Code § 512(g)(1). Vehicle Code Section 260 defines "commercial vehicles" as vehicles "used or maintained for the transportation of persons for hire, compensation, or profit." Veh. Code § 260. Vehicle Code Section 15210 separately defines "commercial motor vehicles" as any

LITTLER
MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA
94597
925.932.2468

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

4897-2251-4955

1   vehicle or combination of vehicles that requires a class A or class B license, or a class C license with

2   a passenger transportation endorsement. Veh. Code § 15210.

3        At all relevant times during Plaintiff's employment, he met the definition of a "commercial

4   driver" under Labor Code Section 512(f)(2), as that term is defined in the various related statutes

5   described above. Defendant employed Plaintiff as a bus driver. (Compl., ¶ 2; Bossaller Decl., ¶ 5.)

6   Defendant required Plaintiff to possess and maintain, and Plaintiff at all relevant times possessed and

7   maintained, a class B commercial driving license with a passenger transportation endorsement, and

8   thus Plaintiff operated vehicles falling within the scope of Vehicle Code section 15210 (those requiring

9   a commercial license with passenger endorsement). (*See* Bossaller Decl., ¶ 5.) Furthermore, Plaintiff

10  also operated vehicles falling within the scope of Vehicle Code section 260 (involving the

11  transportation of passengers for hire) because Plaintiff was responsible for transporting passengers

12  pursuant to MV's contract with WestCAT. (*See id.*) Plaintiff operated 35-45 foot buses each designed

13  to carry 32-40 passengers on public transit bus routes. *(Id.)*   For these reasons, Plaintiff was a

14  commercial driver for purposes of the Labor Code Section 512(e) exemption.

15       The meal break CBA exemption in Labor Code Section 512(e) has, like the Section 514

16  exemption, been construed broadly by the courts with an eye toward the Legislature's goal of

17  protecting the collective bargaining process. In the seminal case, *Araquistain v. Pac. Gas & Elec. Co.*,

18  229 Cal. App. 4th 227, 230, 237-38 (2014), the Court of Appeal (affirming the superior court's order),

19  held that the Section 512(e) exemption was met where the underlying CBA simply provided that "shift

20  employees and other employees whose workday consists of eight consecutive hours shall be permitted

21  to eat their meals during work hours and shall not be allowed additional time therefore at Company

22  expense" (i.e., even where the CBA did not provide a precise duration or timing for meal periods).

23  Where the Section 512(e) exemption is met, the exempted-from state law provision (in this case, meal

24  periods), "as a whole," does not apply. *Id.* at 236.

25       Further, where, as here, the Section 512(e) exemption applies, a pleaded state law meal period

26  claim is preempted by Section 301. *See Rodriguez*, 2022 WL 161892, *4 (*citing Curtis*, 913 F.3d at

27  1155-56; *Giles*, 2022 WL 3370793, *4-5; *Coria v. Recology, Inc.*, 63 F. Supp. 3d 1093, 1098 (N.D.

28  Cal. 2014).

LITTLER
MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA
94597
925.932.2468

NOTICE OF REMOVAL OF ACTION TO
FEDERAL COURT

4897-2251-4955

1

2

**D.      Plaintiff's Fourth Cause of Action (Rest Breaks) Is Preempted Under *Curtis* Step One.**

3

4

Plaintiff's Fourth Cause of Action alleges failure to provide rest breaks under California law, specifically under the "Rest Periods" section of the applicable IWC Wage Order. (Compl., ¶¶ 87-93.)

5

6

However, as is the case with his prior causes of action, Plaintiff's rest break claim is preempted by Section 301 if an applicable CBA exemption applies. *See Rodriguez*, 2022 WL 161892, \*4; *Zayerz v.*

7

*Kiewit Infrastructure W.*, No. 16-CV-6405-PSG (PJW), 2018 WL 582318, \*4 (C.D. Cal. Jan. 18, 2018).

8

9

In the applicable Wage Order, Wage Order 9, the rest break CBA exemption at Section 12(C) applies here and reads as follows: "This section shall not apply to any public transit bus driver covered

10

11

by a valid collective bargaining agreement if the agreement expressly provides for rest periods for those employees, final and binding arbitration of disputes concerning application of its rest period

12

13

provisions, premium wage rates for all overtime hours worked, and regular hourly rate of pay of not less than 30 percent more than the State minimum wage rate." IWC wage order No. 9-2001, § (12)(C).

14

15

Again, most of the elements of the Section 12(C) exemption are the same as the elements of the Section 514 and 512(e) exemptions, discussed above. For example, the CBA provides for premium wage rates

16

17

for all overtime hours worked (*see* Bossaller Decl., Ex. A at Art 16), and regular hourly rate of pay of not less than 30 percent more than the State minimum wage rate (*see* discussion in Section V.B above

18

19

of 130% prong in relation to Labor Code Section 514 exemption).  In addition, the CBA expressly provides for rest periods for those employees (*see* Bossaller Decl., Ex. A, Art 28), and final and binding

20

arbitration of disputes concerning application of its rest period provisions (*see id.* at § 3).

21

22

Finally, the novel element in Section 12(c) is that the exemption applies to any "public transit bus driver." As discussed above in connection with the meal break exemption under Labor Code

23

24

Section 512(e), Plaintiff is indisputably a public transit bus driver because his job involves driving bus routes to transport passengers on WestCAT's public transit bus system. (*See* Bossaller Decl., ¶ 5.) For

25

these reasons, Plaintiff's Fourth Cause of Action is preempted.

26

**E.      Plaintiff's First Cause of Action (Minimum Wages) Is Preempted Under *Curtis* Step One.**

27

28

Plaintiff alleges Defendants failed to pay him minimum wages. (Compl., ¶¶ 63-76.)  Plaintiff's

LITTLER
MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA
94597
925.932.2468

4897-2251-4955

13

NOTICE OF REMOVAL OF ACTION TO
FEDERAL COURT

1    First Cause of Action appears to be largely duplicative and derivative of his second cause of action for

2    failure to pay wages and overtime and his third cause of action for meal period liability. For example,

3    in support of his minimum wages claim Plaintiff alleges that "Employees would work hours and not

4    receive wages, including as alleged above in connection with off-the-clock work, including all the

5    time required to remain on duty and under Defendants' control during breaks and due to the work

6    demands placed upon them by Defendants' management and by the unlawful deduction of hours or

7    by paying what should have been overtime hours as regular hours." (Compl., ¶ 59.)  The pleaded facts

8    in support of Plaintiff's overtime claim are nearly identical; Plaintiff is not arguing that MV's wage

9    rates fell below the minimum wage (an impossible argument given that the CBA wage table

10   demonstrates that MV pays well over the minimum wage), but rather, Plaintiff's arguments to support

11   his minimum wage claim stem from the same off-the-clock allegations and requirement to remain on

12   duty during breaks. (*See, e.g.*, Complt. ¶ 73 ("Defendants had a consistent policy of not paying

13   Employees wages for all hours worked, including by requiring off-the-clock work as addressed above,

14   by unlawful deductions, by under-reporting actual hours worked, and by requiring Employees to do

15   so as well."); ¶ 75 ("Defendants have also violated these provisions by requiring Plaintiff and other

16   similarly situated Class Members to work through meal periods when they were required to be clocked

17   out or to otherwise work off the clock to complete their daily job duties."). In short, the alleged factual

18   bases for Plaintiff's First Cause of Action (failure to pay minimum wages) are the same as those

19   underlying his Second Cause of Action (failure to pay wages and overtime under Labor Code section

20   510), and Third Cause of Action (meal period liability). Because Plaintiff's overtime and meal break

21   claims are preempted (as discussed above), so, too, is his factually conjoined minimum wage claim.

22   *See Chavez v. Smurfit Kappa N. Am. LLC*, No. 2:18-CV-05106-SVW-SK, 2018 WL 8642837, *4

23   (C.D. Cal. Oct. 17, 2018) (also dealing with off-the-clock allegations, and holding that "because the

24   unpaid minimum wages claim can only arise out of Defendant's failure to pay overtime wages, the

25   unpaid minimum wages claim is also dismissed with prejudice."); *Thieroff v. Marine Spill Response*

26   *Corp.*, No. CV216075DMGMRWX, 2022 WL 2965393, *4 (C.D. Cal. Jun. 6, 2022) ("Moreover, to

27   the extent this [minimum wage off-the-clock] claim is derivative of the overtime claim or is otherwise

28   covered by the CBAs, it is preempted as discussed above"). Thus, the First Cause of Action is

LITTLER
MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA
94597
925.932.2468

14

NOTICE OF REMOVAL OF ACTION TO
FEDERAL COURT

4897-2251-4955

1    preempted under *Curtis* Step One.

2          **F.      Plaintiff's Derivative Claims for Inaccurate Wage Statements, Unlawful**
3                   **Deductions, Timely Pay, Waiting Time Penalties, Failure to Maintain Records,**
               **and Unfair Competition (Fifth Through Ninth and Eleventh Causes of Action)**
4                   **Are Preempted Under *Curtis* Step One.**

5          Plaintiff's Fifth Cause of Action (wage statement penalties under Labor Code Section), Sixth

6    Cause of Action (Unlawful Deductions), Seventh Cause of Action (Failure to Timely Pay Wages

7    During Employment), Eighth Cause of Action (Waiting Time Penalties), Nineth Cause of Action

8    (Failure to Maintain Records), and Eleventh Cause of Action (Unlawful Business Practices) are all, in

9    whole or in part, derivative of Plaintiff's claims that are preempted under Section 301 for the reasons

10   described above. (Compl., ¶¶ 94-124, 130-140.) All derivative claims are preempted under Section

11   301 for this reason. *Giles*, 2022 WL 3370793, *6-7; *Rodriguez*, 2022 WL 161892, *6; *Mellon*, 625 F.

12   Supp. 3d 1007; *Jimenez v. Young's Mkt. C*o., No. 21-CV-02410-EMC, 2021 WL 5999082, *13 (N.D.

13   Cal. Dec. 20, 2021); *Vasquez v. Packaging Corp. of Am.*, No. CV191935PSGPLAX, 2019 WL

     4543106, *4 (C.D. Cal. Jun. 7, 2019).
14

15         **G.      The Court Has Supplemental Jurisdiction Over Any of Plaintiff's Claims That**
               **the Court Finds to Be Non-Preempted, including Plaintiff's Claim For Failure to**
16                  **Reimbursement Business Expenses**

17         If this Court finds that any claims in the Complaint are not preempted by Section 301, the

18   entire action is still removable under 28 U.S.C. § 1441(c) because this Court has supplemental

19   jurisdiction under 28 U.S.C. § 1367. All claims in the Complaint, including Plaintiff's Tenth Cause of

20   Action for Failure to Reimburse Necessary Business Expenses, are sufficiently related to form part of

21   the same case or controversy. *See Giles*, 2022 WL 3370793, *6 (court exercised supplemental

22   jurisdiction over non-preempted rest break claim where overtime, meal break and minimum wage

23   claims were preempted by Section 301); *Jimenez*, 2021 WL 5999082, at *21 (exercising supplemental

24   jurisdiction over non-preempted wage claims because such claims "arose from the same working

25   conditions and relationship" as the preempted overtime and meal period claims); *Paulk v. Student*

26   *Transportation of America, Inc.*, No. CV 24-3436-JFW(JPRx), 2024 WL 3291591, *4 (C.D. Cal. July

27   3, 2024) (exercising supplemental jurisdiction over entire action and denying motion to remand, even

28   though *only one* non-derivative claim [namely, a claim under Labor Code Section 204] was found

LITTLER
MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA
94597
925.932.2468

NOTICE OF REMOVAL OF ACTION TO
FEDERAL COURT

4897-2251-4955

1   preempted under Section 301).

2   **VI.    CONCLUSION**

3       For the reasons provided herein, Defendants hereby remove this action from the California

4   Superior Court, in and for the County of Contra Costa, to the United States District Court, Northern

5   District of California. Defendants request that this Court retain jurisdiction for all further proceedings.

6

7   Dated:  January 21, 2025

8                                                   LITTLER MENDELSON, P.C.

9

10                                                  */s/ Michael W. Nelson*
                                                    Gregory G. Iskander
11                                                  Michael W. Nelson

12                                                  Attorneys for Defendants
                                                    MV TRANSPORTATION, INC., MV PUBLIC
13                                                  TRANSPORTATION, INC.

14

15   4897-2251-4955.1 / 072247-1392

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER
MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA
94597
925.932.2468

4897-2251-4955

16                                   NOTICE OF REMOVAL OF ACTION TO
                                                  FEDERAL COURT